# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DENIS MIKHLIN and ERIN HOFFMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON and JOHNSON & JOHNSON CONSUMER COMPANIES, INC.,<br><br>Defendant. | No. 4:14-CV-881 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on the Defendants' Motion to Dismiss and/or Strike (ECF No. 9). This matter is fully briefed and ready for disposition.

## BACKGROUND

Based upon various studies, Plaintiffs aver that "[w]omen who used talc-based powders to powder their genital area have a 33% increased risk of ovarian cancer compared to women who never used the powders." (Class Action Complaint, ECF No. 1, ¶4). Plaintiffs allege that "Defendants concealed, suppressed, and/or omitted material facts on the Johnson's® Baby Powder product labels and packages ... when they knew, or should have known, that use of Johnson's® Baby Powder by women was not safe and could cause a significant increased risk of ovarian cancer." (Class Action Complaint, ¶92). Plaintiffs set forth a two-count Class Action Complaint alleging claims for Damages Under the Missouri Merchandising Practices Act ("MMPA"), Mo.Rev.Stat. §§ 407.010 et *seq.*, in Count I and for Injunctive Relief pursuant to the

MMPA in Count II.[1] Plaintiffs allege that they have used Johnson's® Baby Powder in the past few years "for personal use." (Class Action Complaint, ¶11). Plaintiffs allege that they "have suffered injury in fact and lost money as a result of the unfair practices alleged in the form of the purchase price paid for Johnson's® Baby Powder." (Class Action Complaint, ¶7). Plaintiffs have not asserted any product liability claims, nor have they alleged they suffered personal injury as a result of using Johnson's® Baby Powder. (*Id.*). Plaintiffs bring this lawsuit on behalf of themselves and other similarly situated Missouri customers who have purchased Johnson's® Baby Powder in Missouri. (*Id.*).

## STANDARD FOR MOTION TO DISMISS[2]

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P.

---

[1] This action is before the Court pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2).

[2] In cases such as this, characterizing a motion as one brought pursuant to Rule 12(b)(1) rather than Rule 12(b)(6) would not affect the ultimate determination of the motion. *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254 (2010) ("Since nothing in the analysis of the courts below turned on the [jurisdictional] mistake, a remand would only require a new Rule 12(b)(6) label for the same Rule 12(b)(1) conclusion."); *see also Wilson v. Duckett Truck* Ctr., No. 1:12-CV-85-SNLJ, 2013 WL 384717, at *1 (E.D.Mo. Jan. 31, 2013) ("The same standard governs motions to dismiss under both Rules 12(b)(1) and 12(b)(6)." (citation omitted)); *Four Points Commc'n Serv., Inc. v. Bohnert*, No. 4:13-CV-1003 JAR, 2013 WL 4787752, at *1 (E.D. Mo. Sept. 9, 2013).

12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).[3]

## DISCUSSION

### I. Injury

In this action, Plaintiffs purport to bring a MMPA claim based solely upon their purchase of Johnson's® Baby Powder. The MMPA serves as a supplement to the common-law definition of fraud. *Zmuda v. Chesterfield Valley Power Sports, Inc.*, 267 S.W.3d 712, 716 (Mo. Ct. App. 2008). Its purpose is to "preserve fundamental honesty, fair play and right dealings in public transactions." *Id.* As such, under the MMPA, the "act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce ... is declared to be an unlawful practice." Mo.Rev.Stat. § 407.020.1.

Defendants argue that Plaintiffs either lack standing or cannot state a claim because they have not alleged any injury based upon their purchase of Johnson's® Baby Powder. (ECF No. 10 at 7-10)(citing *In re Bisphenol-A (BPA) Polycarbonate Plastic Products Liab. Litig.("In re*

---

[3] In the alternative, the Eighth Circuit has held "that if a plaintiff lacks standing, the district court has no subject matter jurisdiction." *Friedmann v. Sheldon Cmty. Sch. Dist.*, 995 F.2d 802, 804 (8th Cir.1993) (citing *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 801 (8th Cir. 2002) (stating that a standing argument implicates Rule 12(b)(1)).

*BPA I"*), 687 F. Supp. 2d 897, 912 (W.D. Mo. 2009) *clarified on denial of reconsideration*, No. 08-1967-MD-W-ODS, 2010 WL 286428 (W.D. Mo. Jan. 19, 2010)("While [Plaintiffs] may contend they would not have purchased the goods had they known about BPA, these Plaintiffs received 100% use (and benefit) from the products and have no quantifiable damages.").[4] Defendants contend that Plaintiffs "received exactly what they expected and the risks they complain of never affected them." (ECF No. 10 at 10). Therefore, Defendants assert that this Court should hold Plaintiffs "lack standing and their entire Complaint should be dismissed with prejudice." (*Id.*).

In response, Plaintiffs contend that they have alleged an ascertainable loss. (ECF No. 15 at 6). Plaintiffs rely upon the allegation that they "suffered injury in fact and a loss of money in that they have been deprived of the benefit of their bargain and have spent money on Johnson's Baby Powder when it contained serious risks, which were known to Defendants but undisclosed, concealed, and misrepresented by Defendants." (ECF No. 15 at 6 (citing Class Action Complaint, ¶78); ECF No. 15 at 8 ("Plaintiffs paid more for the product than they otherwise would have paid for it had its safety risk been properly disclosed."); ECF No. 15 at 9 ("the injury will be redressed by a favorable decision in the amount of 'the difference between the actual value of the property and what its value would have been if it had been as represented'" (citing *Sunset Pools of St. Louis, Inc. v. Schaefer*, 869 S.W.2d 883, 886 (Mo. Ct. App. 1994)). Plaintiffs contend that "Defendants violated the MMPA with their deceptive business practices in marketing [Johnson's® Baby Powder] to consumers," not by "exposing people to personal injury from a risky product" as claimed by Defendants. (ECF No. 15 at 9, n.3). Plaintiffs state that

---

[4] "The Court elects to treat the issue [of whether Plaintiffs have sufficiently alleged they suffered damage] as an alleged failure to state a claim because this is how the Eighth Circuit has treated the matter." *In re Bisphenol-A (BPA) Polycarbonate Plastic Products Liab. Litig.*, 687 F. Supp. 2d 897, 910 (W.D. Mo. 2009).

they are entitled to "'the difference between the actual value of the property and what its value would have been if it had been as represented.'" (ECF No. 15 at 6 (citing *Grabinski v. Blue Springs Ford Sales, Inc.*, 136 F.3d 565, 570 (8th Cir. 1998); *Edmonds v. Hough*, 344 S.W.3d 219, 223-24 (Mo. Ct. App. 2011); *Clement v. St. Charles Nissan, Inc.*, 103 S.W.3d 898, 900 (Mo. Ct. App. 2003)).

The Court holds that Plaintiffs cannot state a claim as a matter of law because they have not alleged an injury or ascertainable loss. Plaintiffs claim that they have not received the benefit of their bargain based upon studies indicating an increased risk of ovarian cancer associated with genital use of Johnson's® Baby Powder. Plaintiffs state that they are not claiming physical harm or the recovery of personal injury damages. (Class Action Complaint, ¶7). Thus, Plaintiffs are correct that this is "not a personal injury action." (ECF No. 15 at 2). The Court, however, agrees with the reasoning of *In re BPA I* in holding that Plaintiffs have suffered no injury.[5] Plaintiffs allege that they used Johnson's® Baby Powder, but do not allege that they have suffered any medical consequences.[6] While they contend that they would not have purchased and used Johnson's® Baby Powder had they known about the increased ovarian cancer risk, the Court holds that "these Plaintiffs received 100% use (and benefit) from the products and have no quantifiable damages." *In Re BPA I*, 687 F. Supp. 2d at 912; *see also Hughes v. Chattem, Inc.*, 818 F. Supp. 2d 1112, 1118 (S.D. Ind. 2011)("Plaintiffs have neither alleged that the Dexatrim they took caused any physical harm nor even that it did not facilitate

---

[5] Plaintiffs allege that the "BPA Cases are inapplicable to this case because, here, there is no allegation that the Plaintiffs have 'fully used' and benefitted from the product at issue, an allegation key to the BPA Cases' analyses." (ECF No. 15 at 9). Plaintiffs' argument seems specious, given their allegation that Plaintiffs "purchased Johnson's® Baby Powder for personal use." (Class Action Complaint, ¶11). Plaintiffs do not allege that they did not use this product due to the increased ovarian cancer risk.

[6] Plaintiffs do not allege any current medically diagnosable injury as a result of using Johnson's® Baby Powder, nor do they allege a medical monitoring claim.

their weight loss efforts. They correctly state that hexavalent chromium is harmful in 'large amounts,' but they do not connect that piece of evidence to any facts personally affecting them."); *Polk v. KV Pharm. Co.*, No. 4:09-CV-00588 SNLJ, 2011 WL 6257466, at *5 (E.D. Mo. Dec. 15, 2011)("Plaintiff has not alleged the Medication was anything other than what it has always purported to be. Further, Plaintiff failed to allege he did not receive the benefit from the Medication for which he bargained; *i.e.* the medication did not perform as intended."). The Court believes Plaintiffs' proposed liability theory, which requires no demonstrable loss of any benefit, would lead to absurd results and holds that Plaintiffs fail to state a claim as a matter of law.

Moreover, the cases cited by Plaintiffs do not support allowing a MMPA claim under these circumstances to proceed. In all of the cases cited, the plaintiffs have suffered an actual economic injury based upon a fraudulent misrepresentation. *See Grabinski*, 136 F.3d at 570 (affirming judgment as to liability and actual damages for MMPA claim against dealership and its employees where vehicle was not as described and required thousands of dollars of repairs); *Edmonds*, 344 S.W.3d at 223-24 (reversing trial court's grant of summary judgment on MMPA claim against appraisers and other individuals involved in a mortgage transaction where plaintiff alleged an ascertainable loss of $275 for a home appraisal); *Clement*, 103 S.W.3d at 900 (reversing the trial court's grant of summary judgment on MMPA claim where plaintiff was told she could return the car at any time without penalty but the dealership tried to hold plaintiff to a five-year lease agreement); *Sunset Pools of St. Louis, Inc.*, 869 S.W.2d at 884-86 (affirming judgment in favor of purchaser where spa control buttons stuck and water leaked into the control

panel).⁷ Here, Plaintiffs have not alleged a similar ascertainable loss. Plaintiffs purchased and used Johnson's® Baby Powder. Unlike the cases cited by Plaintiffs, Johnson's® Baby Powder "fulfilled its originally anticipated function" for Plaintiffs so the Plaintiffs "obtained the full anticipated benefit of the bargain." *In re BPA I*, 687 F. Supp. 2d at 912. Although Plaintiffs contend that they would not have purchased Johnson's® Baby Powder if they had known the "true facts," they obtained the "full value" of the product before learning the truth so they have not suffered any economic damage from their purchase. *In re BPA I*, 687 F. Supp. 2d at 913.⁸

## II. Injunctive Relief

As an additional basis, Defendants argue that Plaintiffs' claim in Count II for injunctive relief is improper because injunctive relief is a remedy, not a separate cause of action. (ECF No. 10 at 20)(citing *Freeman Health Sys. v. Wass*, 124 S.W.3d 504, 509 (Mo. Ct. App. 2004)("We determine from the plain reading of section 407.025 that it provides no *independent* cause of action entitling Appellant to equitable relief in this matter.")(emphasis in original)).

The Court agrees that injunctive relief is a remedy, and not an independent cause of action. *Henke v. Arco Midcon, L.L.C.*, 750 F. Supp. 2d 1052, 1059-60 (E.D. Mo. 2010)(citing *Plan Pros, Inc. v. Zych*, No. 8:08CV125, 2009 WL 928867, at *2 (D. Neb. Mar. 31, 2009) (dismissing

---

⁷ Interestingly, Plaintiffs cite to *Heberer v. Shell Oil Co.*, 744 S.W.2d 441 (Mo. 1988) at ECF No. 15 at 10. In that case, Herberer sued defendants/respondents alleging they made false collateral misrepresentations to him by falsely representing he would be given the right to operate a new service station to be located at 1240 Brentwood Boulevard if he would extend his current 3–year lease as a Shell dealer at 1421 Brentwood Boulevard. The Missouri Supreme Court, however, affirmed an entry of judgment in favor of defendants where Heberer claimed no damages from that operation, and none were proved at trial. *Id.* at 443-44.

⁸ The Court also notes that several other cases cited by Plaintiffs were on review of class certification, which is a different standard of review than presented on a motion to dismiss. *See Craft v. Philip Morris Companies, Inc.*, 190 S.W.3d 368 (Mo. Ct. App. 2005); *Plubell v. Merck & Co.*, 289 S.W.3d 707, 710 (Mo. Ct. App. 2009); *Hope v. Nissan N. Am., Inc.*, 353 S.W.3d 68, 80 (Mo. Ct. App. 2011)(cited at ECF No. 15 at 9-10).

injunction claim against defendants because "no independent cause of action for injunction exists")); *Motley v. Homecomings Fin., LLC*, 557 F.Supp.2d 1005, 1014 (D. Minn. 2008) (dismissing claim for injunction because it was "merely" a remedy, not a separate cause of action); *Fletcher v. Conoco Pipe Line Co.*, 129 F.Supp.2d 1255, 1264 (W.D. Mo. 2001) ("The Court agrees that there is no 'injunctive' cause of action under Missouri or federal law. Instead, Plaintiffs must allege some wrongful conduct on the part of Defendant for which their requested injunction is an appropriate remedy.")). Accordingly, Plaintiffs may seek injunctive relief as part of their prayer for relief in another claim, but this remedy cannot stand as a separate cause of action in Count II. *Henke v. Arco Midcon, L.L.C.*, 750 F. Supp. 2d 1052, 1059-60 (E.D. Mo. 2010); *Secure Energy v. Coal Synthetics, LLC*, No. 4:08CV1719 JCH, 2010 WL 1691184, at *3 (E.D. Mo. Apr. 27, 2010). For this additional reason, Count II is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss and/or Strike [ECF No. 9] is **GRANTED**. A separate Judgment will accompany this Memorandum and Order.

Dated this **13**th day of November, 2014.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**